UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN EMORY, on behalf of himself and all others similarly situated | ) | CASE NO. |
| Plaintiff, | ) | JUDGE |
| v. | ) | (JURY TRIAL DEMANDED) |
| CYRUS FOOD SERVICE, INC. d/b/a CRENOS SOUTH | ) | Rule 216(B) Collective Action<br>Rule 23 Class Action |
| Defendant. | ) | |

**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Christian Emory ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, files this Class and Collective Action Complaint against Defendant Cyrus Food Service, Inc. d/b/a Crenos South ("Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

1. This is a class and collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Wage Act, Ohio Rev. Code § 4111.01 *et seq.*, Ohio's Wage-Payment Statute, Ohio Rev. Code § 4113.15, and Ohio Rev. Code § 2307.60 to recover unpaid minimum wages, unlawfully withheld wages, and related damages.

2. This is an action for Defendant's uniform, company-wide failure to reimburse delivery drivers for the reasonable costs of using their personal vehicles to make customer

deliveries. Defendant required Plaintiff and hundreds of other hourly workers (the vast majority of whom served as delivery drivers) to maintain and operate their own automobiles as an essential condition of employment, yet provided zero reimbursement, vehicle allowance, or mileage payment of any kind.

3. The Internal Revenue Service ("IRS") publishes an annual business standard mileage rate that represents a reasonable approximation of the fixed and variable costs of operating an automobile for business use (fuel, oil, maintenance, tires, depreciation, insurance, registration, and other ownership and operating expenses). For all of calendar year 2023—the entire period of Plaintiff's employment and the relevant class period—the IRS business standard mileage rate was 65.5 cents per mile ($0.655/mile). This rate is determined each year by the IRS based on an independent, comprehensive study of the actual costs of operating a vehicle for business purposes and is the rate the IRS itself uses (and expects employers and taxpayers to use) when calculating deductible business vehicle expenses. *See* IRS Notice 2023-03 (Dec. 29, 2022); IR-2022-234.

4. Defendant should have reimbursed delivery drivers at **no less than** the IRS business standard mileage rate of 65.5 cents per mile for every mile driven on company business. Instead, Defendant reimbursed **zero** cents per mile. This complete failure to reimburse caused Plaintiff's and the putative classes' effective hourly rate to fall below the applicable minimum wage. Compounding the violation, Defendant also made recurring, unauthorized deductions from wages labeled "Food Purchases," which further reduced net pay and, in multiple pay periods, dropped employees' effective compensation below the minimum wage.

5. Defendant's violations were willful. It knew—or showed reckless disregard for the fact—that its blanket refusal to reimburse vehicle expenses at the IRS-prescribed reasonable rate of 65.5 cents per mile violated the FLSA and Ohio law. Because the FLSA violations were willful,

they constitute criminal acts under 29 U.S.C. § 216(a), giving rise to a separate civil cause of action for full damages under Ohio Rev. Code § 2307.60. *See Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-cv-00346 (S.D. Ohio Aug. 11, 2021).

**JURISDICTION AND VENUE**

6. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the action arises under the FLSA. The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, Plaintiff resides in this District, and Defendant transacts substantial business in this District.

**PARTIES**

8. Plaintiff Christian Emory is an adult resident of Zanesville, Ohio. He was employed by Defendant as an hourly-paid delivery driver from approximately April 2023 through approximately May 2023.

9. Defendant Cyrus Food Service Inc. is an Ohio corporation with its principal place of business at 8145 Vicki Lane, Nashport, OH 43830. Defendant operates the Crenos South pizza restaurant, and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and Ohio Rev. Code § 4111.03.

**FACTUAL ALLEGATIONS**

10. Defendant operates a pizza restaurant that depends almost entirely on delivery drivers who use their own personal vehicles to deliver hot pizzas, wings, and other menu items to customers throughout the Nashport/Zanesville area and surrounding communities.

11. As a condition of employment, every delivery driver—including Plaintiff—was required to maintain a safe, roadworthy, and properly insured personal automobile and to use that vehicle for all deliveries. Drivers received no company vehicles, no gas cards, no fleet cards, and no mileage reimbursement whatsoever.

12. The IRS business standard mileage rate that should have been used by Defendant is 65.5 cents per mile for every mile of business use in 2023. This rate is not arbitrary; it is the product of the IRS's annual study of the fixed and variable costs of operating an automobile for business purposes and is expressly designed to approximate the actual out-of-pocket and ownership costs incurred by employees who are required to use their personal vehicles on the job. The rate applies uniformly to gasoline, diesel, electric, and hybrid vehicles alike. Courts routinely accept the IRS rate as a reasonable measure of vehicle expenses in FLSA delivery-driver cases precisely because it is an objective, government-published benchmark that employers can (and must) use to ensure compliance with minimum-wage obligations.

13. Plaintiff and the putative class members routinely drove substantial distances each shift. Typical delivery routes required 5–15 miles per delivery, with drivers completing 8–20 deliveries per shift. Over the course of a workweek, a single driver could easily accumulate 200–400 unreimbursed miles while earning only the base hourly rate of $10.70. At the IRS-mandated reimbursement rate of 65.5 cents per mile, those unreimbursed miles would have entitled a driver to an additional $131 to $262 per week in vehicle-expense reimbursement—money that was never paid.

14. Because Defendant provided zero reimbursement or allowance, every mile driven by Plaintiff and the class members constituted an unreimbursed out-of-pocket expense that reduced

their effective hourly wage below the minimum wage required by the FLSA ($7.25) and the Ohio Minimum Wage Act ($10.10 during the relevant period).

15. For the pay period ending April 30, 2023, Plaintiff worked 17.11 regular hours at $10.70 per hour plus a $20.00 bonus, for gross earnings of $203.08. After taxes, his net pay was $182.03. During that same week, Plaintiff made dozens of deliveries using his personal vehicle with no mileage reimbursement at the required IRS rate of 65.5 cents per mile.

16. Defendant knew its policy violated the law. The pizza-delivery industry has been the subject of repeated FLSA litigation precisely because of this exact practice. Defendant had access to IRS Notice 2023-03, industry guidance, prior court decisions involving identical delivery-driver claims, and its own payroll and delivery-log data showing that net compensation consistently fell below minimum wage after vehicle expenses. Despite this knowledge, Defendant continued the unlawful policy without change.

17. In addition to the unreimbursed-vehicle-expense policy, Defendant maintained a uniform practice of making recurring, unauthorized deductions labeled "Food Purchases" directly from employees' paychecks.

18. For example: In the pay period ending May 21, 2023, Defendant deducted $98.67 for Food Purchases.

19. Similar deductions appear in Plaintiff's other pay periods and, upon information and belief, for dozens of other hourly employees.

20. These deductions were not limited to Defendant's actual cost of the food, were not voluntary in the manner required by law, and were not supported by the written authorizations mandated by Ohio law. They further reduced already sub-minimum wages.

21. Upon information and belief, Defendant employed more than fifty (50) similarly situated hourly delivery drivers and other hourly employees who were subjected to the same unlawful policies during the statutory periods.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### FLSA Collective Action – 29 U.S.C. § 216(b)

22. Plaintiff brings this action on behalf of himself and all similarly situated persons (the "FLSA Collective") defined as: All current and former hourly-paid delivery drivers employed by Defendant in the United States at any time during the three (3) years preceding the filing of this Complaint.

23. The FLSA Collective members are similarly situated because they were all subject to Defendant's common policies of non-reimbursement of vehicle expenses and improper wage deductions.

### Rule 23 Class Action – Ohio Claims

24. Plaintiff also seeks certification of a class under Fed. R. Civ. P. 23(b)(3) (the "Ohio Class") defined as: All current and former hourly-paid delivery drivers employed by Defendant in the State of Ohio at any time during the three (3) years preceding the filing of this Complaint.

25. The Ohio Class satisfies all requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

26. **Numerosity**: The Ohio Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant employed more than fifty (50) hourly employees who were subjected to the same unlawful policies during the class period. The exact number and identities of class members are known to Defendant and can be ascertained through its payroll and employment records.

27. **Commonality**: There are questions of law and fact common to the Ohio Class that predominate over any questions affecting only individual class members. These common questions include: (a) whether Defendant violated the Ohio Minimum Wage Act by failing to reimburse reasonable vehicle expenses; (b) whether Defendant's "Food Purchases" deductions violated Ohio Rev. Code § 4113.15; (c) whether Defendant's conduct was willful; and (d) the calculation of damages owed to the class.

28. **Typicality**: Plaintiff's claims are typical of the claims of the Ohio Class because Plaintiff was subjected to the same unlawful policies and practices as all other class members and suffered the same type of injury (sub-minimum wage pay and unlawful wage deductions).

29. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff has no interests antagonistic to those of the class, and Plaintiff has retained competent and experienced class-action counsel who are well-versed in wage-and-hour litigation.

30. **Predominance and Superiority**: Questions of law and fact common to class members predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and would be inefficient given the relatively small individual damages compared to the cost of litigation. A single class action will promote judicial economy and ensure consistent outcomes for all class members. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).

## CLAIMS FOR RELIEF

### COUNT I – Violation of the FLSA – Minimum Wage (29 U.S.C. § 206) – Failure to Reimburse Vehicle Expenses

31. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

32. The FLSA requires every employer to pay each employee not less than the federal minimum wage of $7.25 per hour for all hours worked. 29 U.S.C. § 206(a). When an employer requires an employee to provide his or her own vehicle for business use and fails to reimburse the employee for the reasonable costs thereof, those unreimbursed expenses must be deducted from the employee's gross wages to determine whether the minimum wage has been satisfied. *See* 29 C.F.R. § 778.217; *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1236-37 (11th Cir. 2002); *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974).

33. Defendant required Plaintiff and every member of the FLSA Collective to use their personal vehicles for all deliveries but reimbursed **zero** cents per mile. Using the IRS business standard mileage rate of 65.5 cents per mile as the measure of reasonable vehicle expenses, Plaintiff and the FLSA Collective incurred substantial unreimbursed costs that reduced their effective hourly rate well below $7.25. These violations were willful. Defendant knew or showed reckless disregard for the requirements of the FLSA, as evidenced by its access to industry guidance, prior delivery-driver FLSA cases, its own payroll data, and the IRS-published rate. As a direct and proximate result, Plaintiff and the FLSA Collective are entitled to recover all unpaid minimum wages, an equal amount as liquidated damages, prejudgment interest, attorneys' fees, and costs. 29 U.S.C. § 216(b).

**COUNT II – Violation of the FLSA – Minimum Wage (29 U.S.C. § 206) – Unauthorized Deductions**

34. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

35. In addition to the unreimbursed vehicle expenses, Defendant made recurring, unauthorized "Food Purchases" deductions that were not supported by any voluntary written

authorization and were not limited to Defendant's actual cost of the food. These deductions further reduced Plaintiff's and the FLSA Collective's net wages, causing their effective hourly rate to fall even further below the federal minimum wage of $7.25.

36. The deductions were not bona fide and were taken in violation of 29 C.F.R. § 531.35. Defendant's policy was uniform and applied to every hourly employee. These violations were likewise willful. As a direct and proximate result, Plaintiff and the FLSA Collective are entitled to recover all amounts improperly deducted, the resulting unpaid minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs. 29 U.S.C. § 216(b).

**COUNT III – Violation of the FLSA – Overtime (29 U.S.C. § 207)**

37. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

38. The FLSA requires employers to pay non-exempt employees overtime compensation at one-and-one-half times their regular rate for all hours worked over forty in a workweek. 29 U.S.C. § 207(a). The regular rate must include all remuneration for employment and must be calculated after including all required reimbursements and excluding all improper deductions. 29 C.F.R. §§ 778.109, 778.217.

39. To the extent any member of the FLSA Collective worked more than forty hours in any workweek, Defendant failed to pay the required overtime premium after properly accounting for vehicle-expense reimbursements (at 65.5 cents per mile) and excluding the unauthorized "Food Purchases" deductions. These violations were willful. As a direct and proximate result, Plaintiff and the FLSA Collective are entitled to recover all unpaid overtime, an equal amount as liquidated damages, prejudgment interest, attorneys' fees, and costs. 29 U.S.C. § 216(b).

**COUNT IV – Violation of the Ohio Minimum Wage Act (Ohio Rev. Code § 4111.01 *et seq.*)**

40. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

41. The Ohio Minimum Wage Act requires employers to pay employees not less than the Ohio minimum wage of $10.10 per hour for all hours worked during the relevant period. Ohio Rev. Code § 4111.02(A). Unreimbursed vehicle expenses and unauthorized deductions must be subtracted from gross wages to determine compliance.

42. Defendant's failure to reimburse vehicle expenses at the IRS rate of 65.5 cents per mile and its unauthorized "Food Purchases" deductions caused Plaintiff and the Ohio Class to receive less than the Ohio minimum wage for all hours worked. As a direct and proximate result, Plaintiff and the Ohio Class are entitled to recover all unpaid minimum wages, liquidated damages, prejudgment interest, attorneys' fees, and costs. Ohio Rev. Code §§ 4111.10, 4111.17.

**COUNT V – Violation of Ohio's Wage-Payment Statute (Ohio Rev. Code § 4113.15)**

43. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

44. Ohio Rev. Code § 4113.15 requires employers to pay all earned wages in full on regular paydays and prohibits unauthorized deductions. Defendant's recurring "Food Purchases" deductions were taken without the voluntary written authorization required by Ohio law and were not limited to actual costs. These deductions constituted a failure to pay all wages when due.

45. As a direct and proximate result, Plaintiff and the Ohio Class are entitled to recover all unlawfully withheld wages, an amount equal to twice the amount of the unlawfully withheld wages as a penalty, prejudgment interest, attorneys' fees, and costs. Ohio Rev. Code § 4113.15(B).

**COUNT VI – Violation of Ohio Rev. Code § 2307.60 (Civil Action for Damages for Criminal Act – Willful FLSA Violation)**

46. Plaintiff incorporates the preceding paragraphs as if fully restated herein.

47. Defendant's willful violations of the FLSA minimum-wage and overtime provisions constitute criminal acts under 29 U.S.C. § 216(a), which makes it a misdemeanor (and, upon conviction, a felony for repeat offenses) for any person to willfully violate the minimum-wage or overtime requirements of the FLSA.

48. Pursuant to Ohio Rev. Code § 2307.60(A)(1), "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law." Plaintiff and the Ohio Class were injured in their property by Defendant's criminal acts and are therefore entitled to recover full damages—including all unpaid wages, liquidated damages, prejudgment interest, costs, and any other relief authorized by law—without regard to the limitations or caps that might otherwise apply under the FLSA or Ohio wage statutes. *See Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-cv-00346 (S.D. Ohio Aug. 11, 2021) (sustaining § 2307.60 claim predicated on willful FLSA violations).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the putative FLSA Collective and Ohio Class, respectfully requests that this Court:

a. Certify this action as a collective action under 29 U.S.C. § 216(b) and a class action under Fed. R. Civ. P. 23;

b. Authorize prompt issuance of notice to the FLSA Collective;

c. Award Plaintiff and the classes all unpaid minimum wages, overtime, and unlawfully withheld wages;

d. Award liquidated damages equal to the amount of unpaid wages under the FLSA and Ohio law;

e. Award full damages, costs, and attorneys' fees under Ohio Rev. Code § 2307.60;

f. Award prejudgment interest;

g. Award reasonable attorneys' fees and costs; and

h. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael L. Fradin
Michael L. Fradin 0091739
Fradin Law, LLC
8 N. Court St. Suite 403
Athens, Ohio 45701
Phone: 847-986-5889
Facsimile: 847-673-1228
mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ Michael L. Fradin
One of the Attorneys for Plaintiff